**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **HINDA APPLE,** | ) | **Case No. 1:13-cv-01169** |
| | ) | |
| **Plaintiff,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **STRYKER CORP., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Before the Court is Defendant Stryker Corporation's Motion to Dismiss pursuant to Fed.

R. Civ. Pro 12(b)(6) (**Doc #: 4**), and Plaintiff's Motion to Amend, etc. (**Doc #: 5**).  For the

following reasons, the Court directs Plaintiff to file an amended complaint consistent with this

opinion, and denies as moot the pending motions.

**I.**

On September 18, 2010, Plaintiff Hinda Apple underwent surgery to repair a fractured

left femur.  (Doc #: 5-1 at 1.)  Surgeons implanted four pieces of hardware manufactured by

Defendant Stryker Corporation ("Stryker") to reduce the fracture.  (Id.)  On April 11, 2011,

Plaintiff underwent a second surgery due to the "failed hardware" and nonunion of the

previously fractured femur.  (Doc #: 5-2 at 1.)  In doing so, doctors removed "the broken

intramedullary nail," presumably manufactured by Stryker, that had previously been implanted

during the September 2010 surgery.  (Id.)

On April 13, 2013, Plaintiff  filed a Complaint alleging the full panoply of statutory product liability claims against Stryker "and/or The John Doe Defendants" under the Ohio Products Liability Act (OPLA), O.R.C. §§ 2307.74-77.  (Doc #: 1 ("Comp.") ¶¶ 7-8.)  The Complaint also alleges common-law negligence claims against Stryker and the John Doe Defendants.  (Id. ¶ 9.)  More specifically, the Complaint alleges that an "Intramedullary Skeletal Kinetic Distractor rod," manufactured by "these defendants," was inserted in Plaintiff's left femur during a surgery performed on June 3, 2010 – which device failed causing her to sustain injury to her left leg and its related anatomical structures."  (Id. ¶¶ 3-4.)

On May 31, 2013, Defendant filed the pending Rule 12(b)(6) Motion to Dismiss. (Doc #: 4.)  Defendant contends that (1) the common-law negligence claims are abrogated by the statutory product liability claims under OPLA, (2) the statutory product liability claims are time barred because Plaintiff filed her claims more than two years after the allegedly defective hardware was implanted, and (3) the statutory claims are inadequately pled.  (Id.)

On June 7, 2013, Plaintiff filed a combined brief in opposition to Defendant's motion to dismiss, motion to correct the complaint by interlineation and, in the alternative, motion for extension of time.  (Doc #: 5.)   Attached to this document are two exhibits which form the basis for the facts the Court alleged in the first paragraph of this section.  They are the hospital records for Plaintiff's two surgeries which document the surgical implantation of four Stryker devices on September 18, 2010, and the removal of failed Stryker hardware, including a broken intramedullary nail, on April 11, 2011.  Unfortunately, Plaintiff's counsel neglected to accurately and completely articulate any of these relevant, material facts in the Complaint.

2

That said, Plaintiff asks the Court to substitute the erroneous date of the initial surgery (June 3, 2010) with the correct date (September 18, 2010).  (See generally Doc #: 5.)  She contends that the corrected date is irrelevant in any event because the statute of limitations does not accrue until the plaintiff actually discovers, or reasonably should have discovered, that a defendant's product failed – not the date the device was implanted.  (Id.)  Plaintiff also argues that it was disingenuous of Defendant to file the motion to dismiss challenging the identification of the hardware manufacturer because she had given a copy of the hospital records to Defendant prior to Defendant filing the pending motion.  (Id.)  Lastly, Plaintiff asks for time to conduct discovery to determine why the Stryker product failed.

**II.**

To survive a motion to dismiss, a complaint must contain enough factual matter to "state a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  The complaint need not include detailed factual allegations, but the plaintiff must plead enough factual content to allow the court to reasonably infer that the defendant is liable for the alleged misconduct.  *Id*.  Simply reciting the basic elements of a cause of action along with conclusory statements is not enough.  *Id*.

**III.**

As an initial matter, it is clear that OPLA expressly abrogates all common-law product liability claims, including negligence claims such as those asserted by Plaintiff in ¶ 9 of the Complaint.  O.R.C. 2307.71; *Boroff v. ALZA Corp*., 685 F.Supp.2d 704, 711 (N.D. Ohio 2010). Plaintiff apparently concedes this unassailable point by failing to address it in her opposition brief.

3

Next, an action based on a product liability claim "shall be brought within two years after the cause of action accrues." O.R.C. 2305.10(A). The cause of action accrues on the date upon which a plaintiff is informed by competent medical authority that she has an injury related to the medical device, or on the date on which, by the exercise of reasonable diligence, the plaintiff should have known she had an injury related to the medical device. ORC. 2305.10(B)(1); *see also Cacciacarne v. G.D. Searle & Co.*, 908 F.2d 95, 96-7 (6th Cir. 1990); *Dunn v. Ethicon, Inc.*, 168 Fed. Appx. 539, 541 (6th Cir. 2006) (noting that in products liability cases the Ohio discovery rule delays the accrual date for statutes of limitations until the plaintiff knows or should have known she was injured). Unless a device fails immediately, no one can know at the time a device is implanted whether it will be defective and when that defect will occur. Thus, Defendant's argument that Plaintiff's claims accrued on the date the hardware was implanted fails.

Here, Plaintiff underwent surgery on April 11, 2011 to repair her left femur. The preoperative diagnosis was "failed hardware and nonunion of left proximal subtrochanteric femur fracture" – which was also the postoperative diagnosis. (Doc #: 5-2 at 1.) The operation involved removal of the broken intramedullary nail. (Id.) Plaintiff asserts that she did not know about the defective nail until after the surgery was completed. Any factual dispute regarding the exact date Plaintiff's claims accrued is premature and can be resolved following discovery.

Defendant argues that the Complaint should be dismissed because Plaintiff failed to accurately identify the allegedly defective medical device and the manufacturer at issue. Furthermore, her threadbare allegations of the various product liability claims, and her use of

4

"and/or The John Doe Defendants" when referring to the manufacturer of the device are fatal to her claim.

The Court cannot fathom why Plaintiff's counsel did not allege in the Complaint the relevant, material facts in his possession which support his client's OPLA claims – allegations that are sufficient to withstand dismissal under *Twombly* and *Iqbal*.  However, leave to amend a complaint should be freely granted when justice so requires.  Fed. R. Civ. P. 15(b).  Accordingly, because no case management conference has been held and formal discovery has not yet commenced, the Court **DIRECTS** Plaintiff to file, **no later than 4:00 p.m. on Monday, July 8, 2013**, an amended complaint that fully, accurately and precisely details the facts supporting each of her OPLA claims – which claims shall be separately enumerated.

## IV.

Because of this order, the Court **DENIES AS MOOT** the pending motions (**Doc ##: 4, 5**.)

**IT IS SO ORDERED.**

 */s/ Dan A. Polster     June 25, 2013 *
**Dan Aaron Polster**
**United States District Judge**

5